1  HUNTON & WILLIAMS LLP
2  EMILY BURKHARDT VICENTE (State Bar No. 263990)
   Email: ebvicente@hunton.com
3  CHRISTIANE A. ROUSSELL (State Bar No. 249847)
   Email: croussell@hunton.com
4  SUSAN H. SHIN (State Bar No. 260369)
5  Email: sshin@hunton.com
   550 S. Hope Street, Suite 2000
6  Los Angeles, California 90071
7  Telephone: (213) 532-2000
   Facsimile: (213) 532-2020
8
9  Attorneys for Defendant
   LOWE'S HIW, INC.
10

11            UNITED STATES DISTRICT COURT
12           CENTRAL DISTRICT OF CALIFORNIA
13                  SOUTHERN DIVISION
14

| | |
|---|---|
| CLIVE J. HENDERSON, | Case No.: **SACV 11-00995 JST (MLGx)** |
| Plaintiff, | **DEFENDANT LOWE'S HIW, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446 (DIVERSITY JURISDICTION)** |
| v. | |
| LOWE'S HIW, INC., a Washington corporation | ORANGE COUNTY SUPERIOR COURT CASE NO. 30-2011-00453045-CU-OE-CJC |
| Defendant. | *[Civil Cover Sheet, Notice of Interested Parties, Notice of Related Cases, and Certificate of Service Filed Concurrently Herewith]* |

Hunton & Williams LLP
575 Market Street, Suite 3700
San Francisco, California 94105

1

Hunton & Williams LLP
575 Market Street, Suite 3700
San Francisco, California 94105

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Lowe's HIW, Inc. hereby removes to this Court the state court action described below.  This action is removable because there is diversity of citizenship between the parties and the amount in controversy exceeds the jurisdictional minimum.  In support thereof, Defendant states as follows:

1.     On February 24, 2011, an action was commenced in the Superior Court of the State of California in and for the County of Orange, entitled *Clive J. Henderson v. Lowe's HIW, Inc.*,  as Case Number 30-2011-00453045-CU-OE-CJC.  A copy of the Summons and Plaintiff's Complaint is attached hereto as **Exhibit A**.

2.     The first date upon which Defendant received a copy of the Complaint was March 14, 2011, when Defendant was served with a copy of the Complaint and the Summons from the state court.  At the time, Defendant was not aware that the case was removable in that Lowe's could not ascertain from the initial pleading that the amount in controversy exceeded $75,000.  This removal is timely because Lowe's received such notice on June 7, 2011 and files this removal within 30 days from the date it received such notice "through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable" pursuant to 28 U.S.C. § 1446.

DEFENDANT'S NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY JURISDICTION)

3.      Defendant answered the Complaint in the Orange County Superior Court on April 11, 2011.  A copy of Defendant's Answer is attached hereto as **Exhibit B**.

4.      Venue lies in the United States District Court for the Central District of California because Plaintiff filed the Action in this judicial district and it remains pending in this judicial district. *See* 28 U.S.C. § 1441(a).

5.      The United States District Court for the Central District of California has original jurisdiction of this action because diversity of citizenship jurisdiction exists pursuant to 28 U.S.C. § 1332.  Removal is proper under 28 U.S.C. §§ 1332 and 1441 in that:

(a)      Plaintiff Clive J. Henderson is a citizen and resident of the State of California.  (Complaint ¶ 1.)

(b)      Lowe's is not a citizen of California.  The phrase "principal place of business" in 28 U.S.C. § 1332(c)(1) refers to the place where a corporation's high-level officers direct, control and coordinate the corporation's activities, *i.e.*, its "nerve center," which typically will be found at its corporate headquarters. *Hertz Corp. v. Friend*, 559 U.S. ---, 130 S.Ct. 1181, 1192-93 (2010).  Lowe's headquarters -- where its high-level officers direct, control and coordinate the corporation's activities -- is located in North Carolina.  (*See* Complaint ¶ 2.)  Thus, for removal purposes, Lowe's is a citizen of the State of North Carolina, not California.  Accordingly, the requisite diversity of citizenship exists. *See* 28 U.S.C. § 1332(c)(1).

Hunton & Williams LLP
575 Market Street, Suite 3700
San Francisco, California 94105

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Hunton & Williams LLP
575 Market Street, Suite 3700
San Francisco, California 94105

       (c)     The amount in controversy in this case exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000) exclusive of interest and costs.  Defendant need only show by a preponderance of the evidence that Plaintiff's claims place more than $75,000 in issue.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).  Although the Complaint does not specify the exact amount of damages that Plaintiff seeks, Defendant shows that, based upon the types of relief sought in the Complaint and the letter sent by Plaintiff to Defendant on June 7, 2011, detailing the Plaintiff's settlement demand, Plaintiff clearly seeks more than $75,000 in damages:

       (i)     Plaintiff alleges in his Complaint that he suffered and continues to suffer losses in income based on Lowe's failure to transfer him to a sales position and has suffered from a worsening of his medical condition, and as such, that he is entitled to compensatory and general damages arising out of Defendant's allegedly discriminatory conduct.[1]  In addition to these amounts, Plaintiff seeks punitive damages, attorneys' fees, and costs.

       (ii)     Further, Plaintiff admits that the amount in controversy far exceeds $75,000.  In a letter dated June 7, 2011, Plaintiff informed Lowe's that he is demanding a settlement of $250,000.  (Plaintiff's June 7, 2011 letter is attached hereto as **Exhibit C**.)  In light of this demand, it is apparent that the amount in controversy

---

[1] Defendant categorically denies that it engaged in any wrongful conduct.

DEFENDANT'S NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY JURISDICTION)

exceeds the jurisdictional minimum.  *See Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007) (letter from plaintiffs' counsel was sufficient to put the defendant on notice that the amount in controversy between the parties exceeded diversity jurisdiction requirements so as to support removal); *Cohn v. PetSmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (holding that settlement demand made by Plaintiff in excess of $100,000 was sufficient to establish that the amount in controversy exceeded the jurisdictional minimum); *Molina v. Lexmark Intern., Inc.*, No. CV 08-04796 MMM (FMx), 2008 WL 4447678, at *4 (C.D. Cal. Sept. 30, 2008) ("A document reflecting a settlement demand in excess of the jurisdictional minimum constitutes 'other paper' sufficient to provide notice that a case is removable and starts the thirty day window under § 1446(b).")

(iii)     Defendant believes that, based on the letter dated June 7, 2011, the amount in controversy exceeds $75,000.  Based on the foregoing, the jurisdictional amount in controversy requirement plainly is met.  Removal to this Court is proper under diversity of citizenship jurisdiction.

6.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendant is attached hereto as follows:

(a)     Exhibit A – Plaintiff's Summons and Complaint

(b)     Exhibit B – Defendant Lowe's HIW, Inc.'s Answer

(c)     Exhibit D – Other pleadings and orders

*Hunton & Williams LLP*
*575 Market Street, Suite 3700*
*San Francisco, California 94105*

5

1       (d)    Exhibit E – The state court's docket

2       7.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is

3
4   being served upon counsel for Plaintiff, and a copy is being filed with the clerk of the

5   Superior Court for the State of California in and for the County of Orange.

6       **WHEREFORE**, Defendant hereby removes this action from the Superior

7
8   Court of the State of California, County of Orange, to this Court, pursuant to 28

9   U.S.C. § 1441.

10

11

12   DATED:  July 6, 2011             **HUNTON & WILLIAMS LLP**

13

14                        By:  _____

15                             Christiane A. Roussell
                          Attorneys for Defendant
                          LOWE'S HIW, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

*Hunton & Williams LLP*
*575 Market Street, Suite 3700*
*San Francisco, California 94105*

DEFENDANT'S NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY JURISDICTION)

**EXHIBIT A**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Lowe's HIW, Inc., a Washington Corporation

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**02/28/2011** at 12:16:00 PM
Clerk of the Superior Court
By Maarit H Nordman, Deputy Clerk

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Clive J. Henderson

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court, County of Orange<br><br>Central Justice Center<br>700 Civic Center Drive West, Santa Ana, CA 92701 | CASE NUMBER:<br>*(Número de Caso):*<br>30-2011-00453045-CU-OE-CJC<br><br>Judge Tam Nomoto Schumann |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Thomas L. Difloure, Attorney at Law, 13952 Bora Bora Way #319 Marina del Rey, CA 90292 (310) 823-8052

| | | | | |
|---|---|---|---|---|
| DATE: 02/28/2011   ALAN CARLSON, Clerk of the Court<br>*(Fecha)* | rk, by | *Meurt Deull* | , Deputy<br>*(Adjunto)* | |
| | | *(Secretario)* | Maarit H Nordman | |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):
3. [✓] on behalf of (specify): Lowe's HIW, Inc., a Washington Corporation

   under: [✓] CCP 416.10 (corporation)     [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other (specify):
4. [ ] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

EXHIBIT A
PAGE 7

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**02/24/2011** at 09:52:51 AM
Clerk of the Superior Court
By Enrique Veloz,Deputy Clerk

1   THOMAS L. DIFLOURE SBN 166325
    Attorney at Law
2   13952 Bora Bora Way, #319
    Marina del Rey, CA 90292
3   310-823-8052 (tel.)
    310-733-5608 (fax)
4   entlaw@earthlink.net

5   Attorney for Plaintiff Clive J. Henderson

6

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                          COUNTY OF ORANGE

9
    CLIVE J. HENDERSON,              Case No.   30-2011-00463046-CU-OE-CJC
10
              Plaintiff,             COMPLAINT FOR DAMAGES:
11
    vs.                              1. Employment Discrimination -
12                                      Cal. Gov't Code Section 12940(a);
                                     2. Employment Discrimination in Violation
13  LOWE'S HIW, INC., a Washington      of Public Policy;
    corporation,                     3. Failure to Prevent Discrimination -
14                                      Cal. Gov't Code Section 12940(k);
              Defendant.             4. Failure to Accommodate Disability -
15                                      Cal. Gov't Code Section 12940(m)
                                     5. Failure to Enter Into a Good Faith
16                                      Interactive Process -
                                        Cal. Gov't Code Section 12940(n)
17  _____/
                                     Judge Tam Nomoto Schumann
18
                       **GENERAL ALLEGATIONS**
19
20  Plaintiff Clive J. Henderson alleges as follows:

21       1.      Plaintiff Clive J. Henderson ("Plaintiff") is a 64 year old white male and a

    resident of Santa Fe Springs, County of Los Angeles, California.
22
         2.      Defendant Lowe's HIW Inc. ("Lowe's") is a Washington corporation whose
23
    principal place of business, on information and belief, is in Mount Mourne, North
24
    Carolina.  On further information and belief, Defendant is a subsidiary of Lowe's Inc., a
25
    North Carolina corporation that owns more than 1700 home improvement stores across
26
    the United States, including stores in California and the County of Orange.  Lowe's Inc.
27

28  _____
                            1
                  COMPLAINT FOR DAMAGES

1 | does business in California through Lowe's HIW Inc.

2 |     3.    Plaintiff was at all times relevant an employee entitled to the protection of

3 | California Government Code ("G.C.") § 12940 et seq., which prohibits discrimination in

4 | employment on the basis of race, religious creed, color, national origin, ancestry, physical

5 | disability, mental disability, medical condition, marital status, sex, or sexual orientation.

6 |     4.    Lowe's HIW, Inc. was at all times relevant an employer as defined by

7 | Government Code § 12926 and as such barred from engaging in any employment practice

8 | prohibited by Government Code § 12940 et seq.

9 |     5.    On April 27, 2008, Plaintiff was hired as a Kitchen Cabinet Designer

10 | Consultant at the Lowe's store located at 2500 Park Avenue, Tustin, County of Orange,

11 | CA. Plaintiff was 62 years old at the time he was hired. Plaintiff's duties included

12 | designing kitchens and bathrooms for customers based on specific requirements they

13 | provided. Plaintiff helped with the sales of kitchen appliances during peak periods and

14 | lunch breaks and also spent approximately two hours a day selling and assisting in the

15 | plumbing department. Plaintiff worked in this department on a regular schedule of either

16 | 8 a.m. to 5 p.m. or 10 a.m. to 7 p.m.

17 |     6.    Prior to his employment with defendant Lowe's HIW, Inc., plaintiff's retail

18 | work experience included working in the textile department for Ikea in Costa Mesa and as

19 | a Small Business Design Consultant at Ikea in Covina, California. Plaintiff has extensive

20 | work experience in the motion picture and television industry, including work as an art

21 | director, prop master or set decorator on approximately one thousand (1000)

22 | commercials, as well as work experience as a designer of large scale exhibits for

23 | international trade shows in Europe, professional architectural and advertising

24 | photographer and custom photographic printmaker.

25 |     7.    Approximately one year after Plaintiff was hired, Malik Adams ("Adams"),

26 | Sales Manager for the Kitchen Cabinet Design Department at that time, told Plaintiff that

27 | he had to sell two complete kitchens per week retailing for at least $20,000 each or he

28 |

**2**
**COMPLAINT FOR DAMAGES**

1  would be terminated.  Plaintiff was unable to do so and after two weeks, Adams

2  suggested that in order to not be terminated that Plaintiff write an email to him requesting

3  a withdrawal from the Kitchen Cabinet Design department.  Plaintiff did so.  Plaintiff also

4  wrote that given the state of the economy at that time, selling two kitchens per week at

5  $20,000 was not a realistic goal and that if possible, Plaintiff would like a transfer to

6  hardware, paints, or the outside gardening departments.

7      8.    Instead of a transfer to another sales position, Plaintiff was moved to the front

8  of the store as a self checkout cashier where he has remained since about May, 2009.

9      9.    After being moved to the cashier position, Plaintiff made several requests

10  over a period of ten months to Jeff Enriquez ("Enriquez"), the former Human Resource

11  Manager, to be moved back to sales.  All of Plaintiff's requests were denied.

12      10.    Since Plaintiff moved to the cashier position in 2009, the store has hired

13  additional younger employees in the position of cashiers (some part time).   Some of these

14  younger employees were moved into sales after only a few weeks of working in the front

15  of the store. For example, two new hires were transferred into the tool/hardware

16  department after only a few weeks of employment (Miguel Torres and another person

17  Plaintiff does not know); two  people were transferred into the electrical department

18  (Lance Kirsten and Amanda Onesky); one person into the decor department (Brittany

19  Haack, who had been a cashier longer than Plaintiff); two people into tools (Andre

20  Alvarez and Darryl Walters); as well as other transfers within the store to other

21  departments.

22      11.    Plaintiff has been asking for a transfer back onto the sales floor for more than

23  a year.  When Plaintiff pointed out to Enriquez, that other, newer employees were being

24  given sales positions,  Enriquez told Plaintiff that he had not filled out the Consideration

25  Forms for those departments.  Plaintiff pointed out that he had never been told that the

26  Consideration Form was a requirement.  Plaintiff has since filled out Consideration Forms

27  for every department, but has not been transferred.

28

COMPLAINT FOR DAMAGES

12.   Amanda Onesky, Miguel Torres, and Lance Kirsten all told Plaintiff they had not filled out Consideration Forms before being assigned to their new departments. Given that the company has transferred other younger employees with less experience on the job, and who in at least three instances, did not fill out the form Plaintiff was told he had to fill out, Plaintiff believes that Lowe's discriminated against him because of his age.

13.   On information and belief, there are at least thirteen different positions for which Plaintiff would be qualified with minimum training, if any at all was needed, including commercial sales, delivery, receiving and assembly.

14.   Plaintiff has suffered from Type 2 diabetes for approximately ten years. At the time Plaintiff was hired in 2008, he told the interviewer in Human Resources about his medical condition.

15.   Plaintiff's diabetes can be controlled with medication, including insulin, which he has to inject three times a day and by a dietary regimen which requires him to eat regular meals on a fixed schedule so that his blood sugar level does not fluctuate wildly.

16.   When Plaintiff worked as a Kitchen Cabinet Designer Consultant for one year, his work schedule started at 8:00 am or 10:00 am and he was able to take regular meal breaks, take breaks to take his oral medication and was able to control his blood sugar level.

17.   However, after his job change to cashier, Plaintiff's work hours changed to an irregular schedule of three shifts - 6 am to 2:45 pm, 2:00pm to 11:00pm, and 1:00pm to 9:00pm. These hours varied from day to day and week to week on no fixed schedule. Following his transfer, Plaintiff's diabetes worsened and he began to inject insulin to control his diabetes.

18.   As a result of Plaintiff's random work schedule, Plaintiff is unable to control his blood sugar levels because he needs to take his medications and insulin injections at

4

**COMPLAINT FOR DAMAGES**

1    regular intervals on a consistent schedule daily.  This varied schedule also interrupts

2    Plaintiff's regular sleep pattern, which affects his blood sugar levels and other aspects of

3    his health.

4        19.     As a result of this random work scheduling, Plaintiff has had alarming swings

5    of his blood sugar test readings.  During a consultation with his doctor, Henya Paul,

6    M.D., she stated that the fluctuations in his blood sugar levels were adversely affecting

7    his health.

8        20.     On September 24, 2009, Dr. Paul wrote to Lowe's stating that Plaintiff's

9    diabetes was out of control and that he had to be on a regular work schedule, for example

10    from 8am to 5 pm, and that he required the same meal time every day to regulate his

11    blood sugar level, administer insulin and other medications he take and that he could not

12    continue to work on a variable schedule.

13        21.     Dr. Paul gave her telephone number for Lowe's to contact her.  Enriquez, the

14    HR manager, told Plaintiff to fill out an ADA Accommodation Request Form, which he

15    did.  Enriquez then gave Plaintiff an Interactive Process Form.  Plaintiff completed these

16    forms along with his doctor's letter and submitted them to Lowe's.  However, Lowe's

17    never contacted Dr. Paul to discuss Plaintiff's condition.

18        22.     After Plaintiff submitted his letter from Dr. Paul, Enriquez informed Plaintiff

19    that his request was being sent on to the Legal Department at Lowe's corporate offices.

20    At this point, Plaintiff hired the undersigned to represent him.

21        23.     Plaintiff's counsel wrote a letter on November 2, 2009 to Enriquez advising

22    Lowe's that he represented Plaintiff and detailing Plaintiff's disability, the requirements

23    for a regular schedule because of his disability and offering to work with Lowe's to work

24    out a reasonable solution.

25        24.     Plaintiff's counsel was contacted in early November 2009, by Lowe's

26    corporate legal department.  Through his counsel, Plaintiff, proposed alternative

27    solutions, including transferring Plaintiff to a department with a fixed work schedule in

28

5

**COMPLAINT FOR DAMAGES**

1 | the store in which he currently work or transferring to another store where he could have

2 | a fixed schedule.

3 |     25.    On December 21, 2009, Plaintiff went on medical leave for chronic

4 | degenerative arthritis. Plaintiff returned to work on January 27, 2010.

5 |     26.    Lowe's has twenty (20) stores within twenty-five (25) miles of Plaintiff's

6 | home. Plaintiff currently drives twenty-three (23) miles to the store in Tustin, so Plaintiff

7 | could easily commute to any of the 20 Lowe's stores within the 25 miles of his home.

8 |     27.    Lowe's has accommodated other employees with diabetes at the Tustin store

9 | where Plaintiff works, including an employee in the flooring department who works a 10

10 | a.m. to 7 p.m. schedule and another employee who is given time off for his doctor's

11 | appointments.

12 |     28.    Around the beginning of March, 2010, Plaintiff applied for and was

13 | interviewed for a new opening in Kitchen Cabinets, his old department, but was not hired

14 | for the position.

15 |     29.    On Thursday, March 18, 2010, Plaintiff received his first evaluation since he

16 | was hired in 2008. This was a Good evaluation by the Front End Manager, Anonka

17 | Rasheed, at which point Plaintiff was told he was to receive an increase of $.17 per hour.

18 | Ms. Rasheed asked Plaintiff what his goals were and Plaintiff stated he desired to get

19 | back on the sales floor. She said she was aware there was an opening in Paint coming up

20 | and that she would assist in his training in that area. Plaintiff did not hear any more

21 | regarding this position as of the date of the filing of this complaint.

22 |     30.    At the end of May, 2010 Plaintiff applied on-line for a PSA (Product Service

23 | Associate) position which includes setting up displays and replenishing stock. On June

24 | 17, 2010, Plaintiff asked the new HR Manager, Stephanie Rodriguez ("Rodriguez") when

25 | he would be called for an interview for this position. She informed him that the position

26 | had been filled by Michael Talibsa Lebrilla, a young man in his early twenties, who was

27 | in Facilities Services working as a janitor).

28 |

6

**COMPLAINT FOR DAMAGES**

31.    Plaintiff asked her why he had not been interviewed for the position and she then asked him if he was able to operate the store's forklift and other lifting equipment. Plaintiff told her that he had used them before and pointed out to her that he had worked doing international trade show designs and constructions world wide, as stated in his resume. Plaintiff asked her if she had read his resume and she did not reply. Plaintiff presumes from her lack of a response that she had not read his resume before rejecting him for the position.

32.    In total, Plaintiff estimates he has applied for approximately thirty different positions within the past six months, including positions at the Tustin store where he is currently employed, as well as Lowe's stores in Pico Rivera, Norwalk and Long Beach.

33.    Plaintiff continues to have medical problems related to his diabetes that are directly related to his inability to have a set schedule for meals and breaks to take his medication. Plaintiff has had a partial hearing loss for many years. However, his hearing loss has continued to get worse, which his doctor, Dr. Edward Chi-Min Wang, of Kaiser Permanente in Downey, attributed directly to Plaintiff's diabetes and his problems with controlling his blood sugar levels when Plaintiff was examined by Dr. Wang in August, 2010.

34.    Plaintiff filed timely a Complaint of Discrimination with the California Department of Fair Employment and Housing ("DFEH"), and received a Notice of Case Closure and Right to Sue dated September 13, 2010. Plaintiff's DFEH Complaint and Notice of Case Closure are attached as Exhibit "A" and incorporated by reference. By filing his complaints with the DFEH and receiving his Notice of Case Closure from the DFEH, plaintiff has exhausted all necessary administrative remedies required under law as a prerequisite to filing this action.

///

///

7

COMPLAINT FOR DAMAGES

# FIRST CAUSE OF ACTION

## Discrimination in Violation of Government Code §12940 (a)
## Based on Age and Physical Disability

35.    Plaintiff incorporates Paragraphs 1-31 as if set forth herein in full.

36.    Lowe's has discriminated against Plaintiff based on his age by hiring younger, less experienced employees than Plaintiff for sales positions for which Plaintiff was more qualified based on his many years of experience than other applicants.  In several instances, Plaintiff was told he had not filled out a Consideration Form for the position, a prerequisite not required of younger employees who were hired for the sales positions.  Therefore, Lowe's was operating under two sets of requirements for consideration for a job transfer - one for younger employees and a different, stricter standard for Plaintiff.

37.    Lowe's has known since Plaintiff was hired in 2008 that Plaintiff suffers from diabetes.  Lowe's discriminated against Plaintiff based on his physical disability by refusing to give Plaintiff a set work schedule that would enable Plaintiff to take regular meal breaks at approximately the same time every day and enable Plaintiff to take his medication at regular intervals.  Lowe's failure to either place Plaintiff on a regular schedule in the front cashier position or transfer him to a sales position with a regular schedule at either the Tustin store or one of the nineteen other stores in his area, has caused Plaintiff to suffer adverse symptoms brought on by his inability to control his diabetes.

38.    As a proximate result of Lowe's discrimination against Plaintiff, Plaintiff has suffered and continues to suffer losses in income based on Lowe's failure to transfer him to a sales position and has suffered from a worsening of his medical condition.  Therefore Plaintiff should be awarded damages in an amount according to proof.

39.    Lowe's committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil

8

COMPLAINT FOR DAMAGES

1  motive amounting to malice, and in conscious disregard of Plaintiff's rights.  Plaintiff is

2  thus entitled to recover punitive damages from Defendants in an amount according to

3  proof.

4      40.    As a result of Lowe's discriminatory acts alleged herein, Plaintiff is entitled

5  to reasonable attorney's fees and costs of this suit as provided by G.C. §12965(b).

6

7                          **SECOND CAUSE OF ACTION**

8              **Discrimination in Violation of Public Policy**
               **Discrimination based on Age and Physical Disability**

9

10      41.    Plaintiff incorporates Paragraphs 1-38 as if set forth in full.

11      42.    The public policy of the State of California, as set forth in state statutes and

12  the California Constitution, is strongly opposed to discrimination in employment

13  including, but not limited to, denial of employment opportunities, based solely upon age

    or physical disability.

14      43.    Defendant Lowe's conduct as set forth in the First Cause of Action, violated

15  the public policy of the State of California, and, as a result of the acts of Lowe's against

16  Plaintiff because of his age and medical condition, Plaintiff has been discriminated

17  against in the terms of his employment and working conditions in violation of the public

18  policy of this state.

19      44.    As a proximate result of Lowe's discrimination against Plaintiff, Plaintiff has

20  suffered and continues to suffer losses in income based on Lowe's failure to transfer him

21  to a sales position and has suffered from a worsening of his medical condition.  Therefore

22  Plaintiff should be awarded damages in an amount according to proof.

23  45.  Lowe's committed the acts alleged herein maliciously, fraudulently, and

24  oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil

25  motive amounting to malice, and in conscious disregard of Plaintiff's rights.  Plaintiff is

26  thus entitled to recover punitive damages from Defendants in an amount according to

27

28

                                        9
                          COMPLAINT FOR DAMAGES

EXHIBIT A
PAGE 16

1    proof.

2

3                    **THIRD CAUSE OF ACTION**

4              **Failure to Prevent Discrimination**
         **in Violation of Government Code §12940 (k)**

5

      46.     Plaintiff incorporates Paragraphs 1-42 as if set forth in full.

6

      47.     As a corporation doing business in California, Lowe's knew or should have

7    known that it was subject to the laws of the State of California, in particular G.C. §12940

8    et seq., as well as California public policy against discrimination based on age and

9    physical disability.

10

      48.     Lowe's failed to take all reasonable steps to prevent discrimination against

11    Plaintiff from occurring in his workplace in violation of G.C. §12940(l), as set forth

12    herein. As a direct result of Lowe's failure to prevent discrimination, including the

13    proper training and supervision of management and human resources personnel, Lowe's

14    discriminated against Plaintiff based on his age and physical disability as set forth herein.

15

      49.     As a proximate result of Lowe's discrimination against Plaintiff, Plaintiff has

16    suffered and continues to suffer losses in income based on Lowe's failure to transfer him

17    to a sales position and has suffered from a worsening of his medical condition. Therefore

18    Plaintiff should be awarded damages in an amount according to proof.

19

20                 **FOURTH CAUSE OF ACTION**

21         **Failure to Make Reasonable Accommodations**
        **in Violation of Government Code §12940 (m)**

22

23       50.     Plaintiff incorporates Paragraphs 1-46 as if set forth in full.

24       51.     Lowe's discriminated against Plaintiff by failing to make reasonable

25    accommodations for Plaintiff's physical disability, i.e. his diabetes, by refusing to give

26    Plaintiff a fixed schedule in his position as a front of store cashier, so that Plaintiff could

27    eat and take his medication at regular intervals on a daily basis.

28

**COMPLAINT FOR DAMAGES**

52.   Lowe's further discriminated against Plaintiff by failing to make a reasonable accommodation for Plaintiff's physical disability, i.e. his diabetes by not transferring Plaintiff to another department within the Tustin store or to another store within his area, where Plaintiff could work a fixed schedule instead of the random schedule he has had since being transferred from the kitchen department.

53.   As a proximate result of Lowe's discrimination against Plaintiff, Plaintiff has suffered and continues to suffer losses in income and medical problems related to his diabetes based on Lowe's failure to accommodate Plaintiff's physical disability. Therefore Plaintiff should be awarded damages in an amount according to proof.

## FIFTH CAUSE OF ACTION

### Failure to Engage in A Good Faith Interactive Process in Violation of Government Code §12940 (n)

54.   Plaintiff incorporates Paragraphs 1-50 as if set forth in full.

55.   Lowe's discriminated against Plaintiff by failing to engage in a timely, good faith interactive process to determine a reasonable accommodation for Plaintiff's physical disability.

56.   Lowe's knew that Plaintiff suffered from diabetes and needed to have a regular work schedule so that Plaintiff could control his diabetes through regular meals and medication.

57.   Plaintiff's doctor wrote a letter in 2009 that Plaintiff submitted to Lowe's with other documentation regarding his physical disability.  Lowe's also contacted Plaintiff's attorney in 2009, but Lowe's did not follow up on any of the solutions proposed by Plaintiff's attorney nor did Lowe's make any effort to act on Plaintiff's doctor's request that Lowe's accommodate Plaintiff's schedule.

58.   As a proximate result of Lowe's discrimination against Plaintiff, Plaintiff has suffered and continues to suffer losses in income and medical problems related to his

11

**COMPLAINT FOR DAMAGES**

EXHIBIT A
PAGE 18

1   diabetes based on Lowe's failure to engage in an interactive process to accommodate
2   Plaintiff's physical disability.  Therefore Plaintiff should be awarded damages in an
3   amount according to proof.

4

5   **WHEREFORE, PLAINTIFF PRAYS:**

6   As to the First Cause of Action:

7       1.    For compensatory damages in an amount to be proven at trial;

8       2.    For exemplary damages in an amount to be proven at trial;

9   As to the Second Cause of Action:

10       1.    For compensatory damages in an amount to be proven at trial;

11       2.    For exemplary damages in an amount to be proven at trial;

12   As to the Third Cause of Action:

13       1.    For compensatory damages in an amount to be proven at trial;

14   As to the Fourth Cause of Action:

15       1.    For compensatory damages in an amount to be proven at trial;

16   As to the Fifth Cause of Action:

17       1.    For compensatory damages in an amount to be proven at trial;

18   As to All Causes of Action:

19       1.    For compensatory damages in an amount to be proved at trial;

20       2.    For general damages in an amount to be proven at trial;

21       3.    For all other such relief as the court may deem just and proper;

22       4.    For costs as allowed by statute;

23       5.    For attorney fees as allowed by statute.

24

25   Dated: February 22, 2011

26       Thomas E. Diffloure
    Attorney for Plaintiff
27       Clive J. Henderson

28

12
COMPLAINT FOR DAMAGES

**EXHIBIT A**

# * * * EMPLOYMENT * * *

**COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

DFEH # E-201011-R-0177-00-apn

DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.)   CLIVE JOHN HENDERSON

TELEPHONE NUMBER (INCLUDE AREA CODE)   562 868 5840

ADDRESS   10054 ASPEN CIRCLE

CITY/STATE/ZIP   SANTA FE SPRINGS   CA 90670    COUNTY    COUNTY CODE

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME   LOWES

TELEPHONE NUMBER (include Area Code)   DFEH USE ONLY

ADDRESS   2500 PARK AVE

CITY/STATE/ZIP   TUSTIN   CA 92782    COUNTY    COUNTY CODE

NO. OF EMPLOYEES/MEMBERS (if known)   148

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year)   6.17.10

RESPONDENT CODE

THE PARTICULARS ARE:

I allege that on OCTOBER 24, 2009, the following conduct occurred:

- termination
- lay-off
- demotion
- harassment
- genetic characteristics testing
- constructive discharge (forced to quit)
- impermissible non-job-related inquiry
- denial of employment
- [x] denial of promotion
- [x] denial of transfer
- [x] denial of accommodation
- [x] failure to prevent discrimination or retaliation
- [x] retaliation
- [x] other (specify) SEE INSERT ONE
- denial of family or medical leave
- denial of pregnancy leave
- denial of equal pay
- denial of right to wear pants
- denial of pregnancy accommodation

by JEFF ENRIQUEZ    HR HUMAN RESOURCES

Name of Person        Job Title (supervisor/manager/personal director/etc.)

because of:
- sex
- [x] age
- religion
- race/color
- national origin/ancestry
- marital status
- sexual orientation
- association
- [x] disability (physical or mental)
- medical condition (cancer or genetic characteristics)
- [x] other (specify) DIABETES
- [x] retaliation for engaging in protected activity or requesting a protected leave or accommodation

State what you believe to be the reason(s) for discrimination

MY DOCTOR HENYA PAUL, MD HAS REQUESTED THAT I BE PUT ON A REGULAR SCHEDULE 8AM-5PM TO ENABLE BLOOD SUGAR CONTROL. WHICH I GAVE TO JEFF ENRIQUEZ H..

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated 3-18-10

At SANTA FE SPRINGS

City

COMPLAINANT'S SIGNATURE   Clive Henderson

RECEIVED

DATE FILED: 8-30-2010   AUG 30 2010

Department of Fair Employment and Housing

DFEH-300-03 (04/08)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNIA

EXHIBIT A
PAGE 21

Clive J. Henderson
Insert 1

On April 27, 2008, I was hired as a Kitchen Cabinet Designer Consultant at Lowe=s, 2500 Park Avenue, Tustin, CA 92782 at the age of 62. I designed kitchens and bathrooms for customers specific to the measurements they provided. I also helped with the sales of kitchen appliances during peak periods and lunch breaks. Also, I spent approximately two hours a day selling and assisting in the plumbing department.

I have had Type 2 diabetes for approximately ten years. It is treatable with insulin and other medications and with diet, including eating on a regular schedule. As long as I am able to control my blood sugar level with medication and diet, my disability does not affect by ability to perform the work that I have been doing at Lowe=s in any of the departments in which I have worked.

Approximately one year after I was hired, Malik Adams, Sales Manager for my department at that time, told me that I had to sell two complete kitchens per week retailing for at least $20,000 each or I would be terminated. I was unable to do so and after two weeks, Adams suggested that in order to not be terminated that I write an email to him requesting a withdrawal from Kitchen Cabinet Design department. I did so. I also wrote that given the state of the economy at that time, selling two kitchens per week at $20,000 was not a realistic goal and that if possible, could he move me to hardware, paints, or outside gardening departments. Instead, I was moved to the front of the store as self checkout cashier where I have remained since that about May, 2009.

After being moved to cashier, I made several requests over a period of ten months to Jeff Enriquez, the former Human Resource Manager, to be moved back to sales. My requests were denied.

Since I moved to cashiering a year ago in 2009, the store has hired additional younger employees in the position of cashiers (some part time). Some of these younger employees were moved into sales after only a few weeks of working in the front of the store. For example two new hires were transferred into the tool/hardware department (Miguel Torres after only a few weeks of employment and another person whose name I don't know); two more people were transferred into the electrical department (Lance Kirsten and Amanda Onesky), one person into the decor department (Brittany Haack, who had been a cashier longer than me); two people into tools (Andre Alvarez and Darryl Walters); as well as other transfers within the store to other departments.

I have been asking for a transfer back onto the floor for almost a year. When I pointed this out to Jeff Enriquez, he told me that I had not filled out the Consideration Forms for those departments. I pointed out that he had never mentioned before that the Consideration Form was a requirement. I have since filled out Consideration Forms for every department, but have not been transferred. Amanda Onesky, Miguel Torres, and Lance Kirsten all told me they had not filled out Consideration Forms before being assigned to their new departments.

Given that the company has transferred other younger employees with less experience on the job, and who in at least three instances, did not fill out the form I was told I had to fill out, I believe that Lowe=s has discriminated against me because of my age.

I feel there is room for reasonable accommodation that would be advantageous to me as well as Lowe=s. Since I know that it takes time to train a new person in any of these positions, I have the advantage of having experience.

I have been a Type 2 diabetic for ten years. My diabetes can be controlled with medication, including insulin, which I have to inject three times a day and by a dietary regimen which requires me to eat regular meals on a fixed schedule so that my blood sugar level does not fluctuate wildly. When I worked as a Kitchen Cabinet Designer Consultant for one year, my work schedule started at 8:00 am or 10:00 am and I was able to take regular meal breaks, take breaks to inject my insulin and was able to control my blood sugar level.

However, after my job change to cashier, my hours changed to an irregular schedule of three shifts - 6 am to 2:45 pm, 2:00pm to 11:00pm, and 1:00pm to 9:00pm. These hours varied from day to day and week to week on no fixed schedule. I was not able to control my blood sugar levels because I needed to take my medications and insulin injections at regular intervals on a consistent schedule daily, and these varied hours interrupted my regular sleep pattern.

As a result of this random work scheduling, I had alarming swings of my blood sugar test readings. After a consultation with my doctor, Henya Paul, M.D., she stated that the fluctuations in my blood sugar levels were affecting my health.

On September 24, 2009, Dr. Paul wrote to Lowe=s stating that my diabetes was out of control and that I had to be on a regular work schedule, for example from 8am to 5 pm, that I required the same meal time every day to regulate my blood sugar level, administer insulin and other medications I take and that I could not have a variable schedule. Dr. Paul gave her telephone number for Lowe=s to contact her.

Jeff Enriquez, the HR manager, told me to fill out an ADA Accommodation Request Form, which I did. Mr. Enriquez then gave me an Interactive Process Form. I completed these forms along with my doctor and submitted them to Lowe=s.

Mr. Enriquez then informed me this was being sent on to the Legal Department at Lowe=s Corporate offices. At this point, I hired an attorney, Thomas Difloure to represent me.

Mr. Difloure wrote a letter on November 2, 2009 to Mr. Enriquez advising Lowe=s that he represented me and detailing my disability, the requirements for a regular schedule because of my disability and offering to work with Lowe=s to work out a reasonable solution.

Mr. Difloure was contacted in early November 2009, by Trey O=Neale, from Lowe=s corporate legal department. In

spite of my attorney=s efforts through phone and emails to Mr. O=Neale, Lowe=s failed to offer any solution. Mr. O=Neale stopped returning phone calls and emails from my attorney around the end of November, 2009 and he has had no contact with Lowe=s since that time.

The solutions I proposed included transferring me to a department with a fixed work schedule in the store I currently work or more me to another store where I could have a fixed schedule.

There is at least one person at my store who has a set schedule. Her name is Marlyn Thompson who is also a Type 2 diabetic. Her preferred schedule is 10 am to 7 pm which suits her better, since she does not live as far away as I do. She works in the flooring department.There is one other person, Eric Hombeck, a Type 1 diabetic who is accommodated by management for time off for doctor appointments. As stated above, my doctor feels that an 8 am to 5 pm shift would work better with my body rhythms with the added hour to hour and a half commute each way which adds to the stress on my diabetes.

Around the beginning of March, 2010, I applied for and was interviewed for a new opening in Kitchen Cabinets, my old department, but did not get the position.

On Thursday, March 18, 2010, I received by first evaluation since I was hired two years ago. This was a Good evaluation by the Front End Manager, Anonka Rasheed, at which point I was told I was to receive an increase of $.17 per hour. Ms. Rasheed asked what my goals were and I stated I desired to get back on the sales floor. She said she was aware there was an opening in Paint coming up and that she would assist in my training in that area. I have not heard any more regarding this position as of the date of the filing of this complaint.

The cashier position has caused other problems for me. On one occasion when I was covering the Lumber cashier; I had called to Gudelia Lovo, the head cashier, to tell her I needed to use the bathroom urgently and to please send someone to cover for me. I called her four times over a 40 minute period. Each time she told me she was sending someone. No one showed up. Since I=m not allowed to leave a register unattended, I had the embarrassing occurrence of having uncontrolled diarrhea in my pants. I mentioned this to the office manager, Ms. Rasheed, that I didn=t want this to occur again.

I continue to have health problem related to my diabetes because I do not have a regular schedule that allows me to eat on a regular schedule and take my medication. I feel that Lowe=s has had the opportunity to move me to another department in sales with a regular work schedule but has refused to do so with the intent of forcing me to quit because of my health. Given that other, younger, less experienced employees have been promoted and transferred into sales positions for which I was qualified and had more experience and time with the company, I can see no basis for my treatment by Lowe=s other than discrimination based on my physical disability and age.

STATE OF CALIFORNIA | State and Consumer Services Agency

ARNOLD SCHWARZENEGGER, Governor

PHYLLIS W. CHENG, Director

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
1055 West 7th Street | Suite 1400 | Los Angeles | CA  90017
(213) 439-6799 | TTY (800) 700-2320 | Fax (213) 439-6780
www.dfeh.ca.gov

September 13, 2010

CLIVE JOHN HENDERSON
10054 Aspen Circle
Santa Fe Springs, CA  90670

RE:   E201011R0177-00-aprc
      HENDERSON/LOWES

Dear CLIVE JOHN HENDERSON:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective August 30, 2010 because an immediate right-to-sue notice was requested.  DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice.  According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint.  The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

EXHIBIT A
PAGE 25

Notice of Case Closure
Page Two


DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

*Tina Walker*

Tina Walker
District Administrator


cc:    Case File


Jeff Enriquez
Human Resources Manager
LOWES
2500 Park Avenue
Tustin, CA 92782

DFEH-200-43 (08/06)

**EXHIBIT B**

1  HUNTON & WILLIAMS LLP
   EMILY BURKHARDT VICENTE (State Bar No. 263990)
2  CHRISTIANE A. ROUSSELL (State Bar No. 249847)
3  550 S. Hope Street, Suite 2000
   Los Angeles, California 90071
4  Telephone: (213) 532-2000
   Facsimile: (213) 532-2020
5  Email: ebvicente@hunton.com
   Email: croussell@hunton.com
6
7  Attorneys for Defendant
   LOWE'S HIW, INC.
8

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**04/11/2011** at 10:14:00 AM

Clerk of the Superior Court
By Maarit H Nordman, Deputy Clerk

9        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10           **FOR THE COUNTY OF ORANGE**

11  CLIVE J. HENDERSON,                          CASE NO.: 30-2011-00453045-CU-OE-CJC

12                Plaintiff,                      **DEFENDANT LOWE'S HIW, INC.'S**
                                                 **ANSWER TO PLAINTIFF'S COMPLAINT**
13       v.                                      **FOR DAMAGES**

14                                               Complaint filed: February 24, 2011
15  LOWE'S HIW, INC., a Washington corporation,

16                Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071

DEFENDANT LOWE'S HIW, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

Defendant Lowe's HIW, Inc. ("Lowe's" or "Defendant") hereby answers the unverified

Complaint filed by Plaintiff Clive J. Henderson ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to section 431.30(d) of the California Code of Civil Procedure, Defendant denies,

generally and specifically, each and every allegation in the Complaint.  Defendant further denies,

generally and specifically, that Plaintiff has been injured in any sum therein alleged, and that

Plaintiff is entitled to damages or any other relief whatsoever by reason of any act or omission on the

part of Defendant.

Without waiving or excusing the burden of proof of Plaintiff, or admitting that Defendant has

any burden of proof, Defendant hereby asserts the following affirmative and other defenses:

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

1.      Plaintiff's Complaint, and each claim contained therein, fails to state facts sufficient

to constitute a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

(Failure to Exhaust Administrative Remedies)

2.      Plaintiff's claims are barred in whole or in part because he failed to exhaust his

administrative remedies.

## THIRD AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

3.      Plaintiff had a duty to take reasonable steps to mitigate and/or avoid his damages.  To

the extent that Plaintiff failed to take such steps, he is barred in whole or in part from recovering

damages in this action, if any.

## FOURTH AFFIRMATIVE DEFENSE

(Avoidable Consequences)

4.      Plaintiff unreasonably failed to take advantage on a timely basis of any preventative

or corrective safeguards to avoid harm.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071

1

## FIFTH AFFIRMATIVE DEFENSE

### (Discrimination Prevention)

5.     Lowe's, at all relevant times herein, took all appropriate actions to prevent any discriminatory conduct from occurring, thereby satisfying all legal obligations Lowe's owed to Plaintiff, if any at all.  Further, even if any unlawful conduct occurred, which Lowe's denies, such conduct was prohibited by Lowe's policies and was not within the actual or constructive knowledge of higher management in Lowe's corporate structure nor was it committed, countenanced, ratified, or approved by higher management in Lowe's corporate structure.

## SIXTH AFFIRMATIVE DEFENSE

### (Unable to Perform Essential Functions/Not Otherwise Qualified)

6.     Plaintiff's claims are barred in whole or in part because Plaintiff was and/or is not able to perform the essential functions of his position with or without a reasonable accommodation.

## SEVENTH AFFIRMATIVE DEFENSE

### (Lowe's Engaged in Interactive Process)

7.     To the extent that Plaintiff made a request that would trigger an obligation for Lowe's to engage in the interactive process with Plaintiff, Lowe's properly discharged any such obligation in good faith.

## EIGHTH AFFIRMATIVE DEFENSE

### (Plaintiff Failed to Engage in Interactive Process)

8.     Plaintiff failed to engage in good faith in the interactive process with Lowe's.

## NINTH AFFIRMATIVE DEFENSE

### (Undue Hardship)

9.     Accommodating Plaintiff's disability in the manner requested by Plaintiff would cause an undue hardship on Lowe's operations.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071

2

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071

## TENTH AFFIRMATIVE DEFENSE

(Requested Accommodation Unreasonable)

10.    Lowe's is not required to accommodate Plaintiff in the manner he requests because his requested accommodation is not reasonable.

## ELEVENTH AFFIRMATIVE DEFENSE

(Privilege and/or Justification)

11.    Plaintiff's claims are barred in whole or in part because Lowe's actions and omissions, and those of its managers, were privileged and/or justified.

## TWELFTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

12.    Plaintiff's claims are barred by the applicable statute(s) of limitations.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Estoppel/Waiver)

13.    Plaintiff is estopped from advancing the claims asserted and/or has waived his right to advance the claims asserted.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Workers' Compensation Act Exclusivity)

14.    Plaintiff's claims are barred in part by California Labor Code section 3600 *et seq.*, which provides the exclusive remedy for some of Plaintiff's alleged injuries.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Punitive Damages Not Available)

15.    Plaintiff fails to allege facts sufficient to support an award of punitive damages as a matter of law.

DEFENDANT LOWE'S HIW, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Punitive Damages Unconstitutional)

16.    An award of punitive damages would be an unconstitutional denial of AGF's right to due process and/or equal protection under the Fifth and Fourteenth Amendments to the United States Constitution and Articles I and IV of the California Constitution.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Duplicative Claims)

17.    Plaintiff's Complaint asserts claims for relief that are duplicative and based upon the same alleged facts. Plaintiff is precluded from recovering for damages on duplicative claims.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Legitimate, Non-Discriminatory Actions)

18.    Any recovery on Plaintiff's Complaint is barred in whole or in part because the actions alleged to be taken with respect to Plaintiff by Defendant in the Complaint were undertaken for legitimate, non-discriminatory reasons and all actions taken by Defendant were for good cause and not for any improper reason or motive.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Scope of Authority)

19.    Any alleged unlawful conduct engaged in by the agents of Lowe's upon which Plaintiff bases his claims, if they were made at all, were made outside the course and scope of such agents' authority. Accordingly, Plaintiff is barred from asserting any purported cause of action against Lowe's based on this alleged conduct.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Prompt Investigation of Harassment and Discrimination Allegations)

20.    Plaintiff is barred from any recovery on the Complaint because Lowe's promptly conducted an appropriate investigation of Plaintiff's discrimination allegations, if any.

4

DEFENDANT LOWE'S HIW, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Offset)

21.     Any damages claimed by Plaintiff should be reduced to the extent they are subject to an offset, representing amounts improperly obtained from Defendant or which would constitute unjust enrichment of Plaintiff.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

22.     Defendant presently has insufficient knowledge and/or information on which to form a belief as to whether he may have additional, as yet unstated, affirmative defenses available. Defendant reserves the right to assert additional defenses if discovery indicates that such additional affirmative defenses would be appropriate.

## PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1.     That all relief requested in the Complaint be denied;

2.     That Plaintiff take nothing by this action;

3.     That Defendant be awarded the costs of suit incurred herein;

4.     That Defendant be awarded its attorneys' fees according to proof; and

5.     That the Court award Defendant such other and further relief as the Court may deem proper.

DATED: April 11, 2011                          HUNTON & WILLIAMS LLP


By:  _____
     CHRISTIANE A. ROUSSELL
     Attorneys for Defendant
     LOWE'S HIW, INC.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071

5

DEFENDANT LOWE'S HIW, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

## CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to this action.  My business address is: 550 S. Hope Street, Suite 2000, Los Angeles, California 90071.

On April 11, 2011, I served the foregoing document(s) described as

**DEFENDANT LOWE'S HIW, INC'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

on the interested parties in this action:

Thomas L. Difloure
Attorney at Law
13952 Bora Bora Way
Suite 319
Marina del Rey, California 90292

☐ **By FAX:**  by causing a true copy thereof to be sent via facsimile to the attorney(s) of record at the telecopier number(s) so indicated above and that the transmission was reported as completed and without error.

☒ **By MAIL:**  by placing true and correct copy(ies) thereof in an envelope addressed to the attorney(s) of record, addressed as stated above.

☐ **By PERSONAL SERVICE:**  by causing a true copy thereof to be delivered by hand on the addressee, addressed as stated above

☐ **By FEDERAL EXPRESS:**  by causing same to be delivered via Federal Express to the addressee(s).

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 11, 2011, Los Angeles, California.

_____
Susan J. Fleming

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071

6

DEFENDANT LOWE'S HIW, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

**EXHIBIT C**

## THOMAS L. DIFLOURE

13952 Bora Bora Way, #319
Marina del Rey, CA 90292

ATTORNEY AT LAW
Tel. (310) 823-8052 Fax: (310) 823-3571
e-mail: entlaw@earthlink.net

June 7, 2011

FOR SETTLEMENT PURPOSES ONLY

Emily Burkhardt Vicente, Esq.
Hunton & Williams, LLP
550 S. Hope St., Suite 20000
Los Angeles, CA 90071
Via email to ebvicente@hunton.com

Re: Clive Henderson v. Lowes, Case No. 30-2011-00453045-CU-OE-CJC

Dear Ms. Burkhardt Vicente:

Per our discussions and emails, my client, Clive Henderson, makes the following settlement demand to your client, Lowe's HIW, Inc. This demand is for settlement purposes only and nothing herein should be construed as an admission on the part of my client as to any factual or legal issues in dispute between the parties or a waiver of any rights to which my client is otherwise entitled.

1.  Monetary compensation in the amount of $250,000 to resolve all claims alleged in the Complaint filed in this matter, including attorney's fees under Government Code §12965;

2.  Henderson will voluntarily resign from Lowe's at a time to be mutually agreed upon by the parties.

3.  Henderson and Lowe's will enter into a Settlement and Release Agreement that will release Lowe's from any and all claims that may have arisen during Henderson's tenure at Lowe's.

This demand shall remain in effect for fourteen (14) days from the date of this letter, or in the event that the parties enter into good faith negotiations to resolve this matter, until such date as the parties may mutually agree upon in writing.

Very truly yours,

Thomas L. Difloure

EXHIBIT C
PAGE 34

**EXHIBIT D**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Thomas L. Difloure SBN 166325<br>13952 Bora Bora Way, #319<br>Marina del Rey, CA 90292<br>TELEPHONE NO.: 310-823-8052   FAX NO.: 310-733-5608<br>ATTORNEY FOR (Name): Clive J. Henderson | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br><br>**02/24/2011** at 09:52:51 AM<br>Clerk of the Superior Court<br>By Enrique Veloz, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Orange
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

CASE NAME:
Henderson v. Lowe's HIW, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 30-2011-00463046-CU-OE-CJC<br><br>JUDGE Tam Nomoto Schumann |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse<br>condemnation (14) | above listed provisionally complex case<br>types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☑ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint (not specified above) (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition (not specified above) (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☑ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve          in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action (specify): 5
5. This case ☐ is ☑ is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: February 23, 2011
Thomas L. Difloure
(TYPE OR PRINT NAME)                               (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

EXHIBIT D
PAGE 35



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

null / ALL
Transmittal Number: 8540933
Date Processed: 03/15/2011

| | |
|---|---|
| **Primary Contact:** | Ms. Patsy Blackburn<br>Lowe's Companies, Inc.<br>1000 Lowe's Blvd<br>Mooresville, NC 28117 |
| **Copy of transmittal only provided to:** | Stacey Davidson<br>Dona Manley<br>Holley El-Akkad<br>Gaither Keener Jr.<br>Shannon Montgomery |

| | |
|---|---|
| **Entity:** | Lowe's HIW, Inc.<br>Entity ID Number  0295162 |
| **Entity Served:** | Lowe's HIW, Inc. |
| **Title of Action:** | Clive J. Henderson vs. Lowe's HIW, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Orange County Superior Court, California |
| **Case/Reference No:** | 30-2011-00453045-CU-OE-CJC |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 03/14/2011 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Thomas L. Difloure<br>310-823-8052 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

EXHIBIT D
PAGE 36

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF ORANGE**

**ALTERNATIVE DISPUTE RESOLUTION (ADR)**
**INFORMATION PACKAGE**

**NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):**

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

EXHIBIT D
PAGE 37

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF ORANGE**

**ADR Information**

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

**BENEFITS OF ADR.**

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.**  A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.**  When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.**  In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.**  ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.**  In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.**  Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

**DISADVANTAGES OF ADR.**

ADR may not be suitable for every dispute.

**Loss of protections.**  If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

L1200 (Rev. January 2010)                                          Page 2 of 4

EXHIBIT D
PAGE 38

**Less discovery.** There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.** The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.** Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.** In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate.** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> **Cases for Which Arbitration May Not Be Appropriate.** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.** In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate.** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> **Cases for Which Mediation May Not Be Appropriate.** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.** In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

## ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the Yellow Pages under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
- Community Service Programs, Inc. (949) 851-3168
- Orange County Human Relations (714) 834-7198

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) pilot programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*: | FOR COURT USE ONLY |
|---|---|
| Telephone No.:        Fax No. (Optional):<br>E-Mail Address (Optional):<br>ATTORNEY FOR *(Name)*:        Bar No: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13th Street, Westminster, CA 92683-0500

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s), _____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
      ☐ Under section 1141.11 of the Code of Civil Procedure
      ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____
      _____      _____
      (SIGNATURE OF PLAINTIFF OR ATTORNEY)    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____
      _____      _____
      (SIGNATURE OF DEFENDANT OR ATTORNEY)    (SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use                          California Rules of Court, rule 3.221
L1270 (Rev. January 2010)

**EXHIBIT E**

Print this page

| CASE SUMMARY | | | | |
|---|---|---|---|---|
| **Case No.** | **Case Title** | **Case Type** | **Filing Date** | **Category** |
| 30-2011-00453045-CU-OE-CJC | CLIVE J. HENDERSON VS. LOWE'S HIW, INC. | OTHER EMPLOYMENT | 02/24/2011 | CIVIL - UNLIMITED |

## Participants
Results 1 - 4 of 4

| Name | Type | Assoc | Start Date | End Date |
|---|---|---|---|---|
| LOWE'S HIW, INC. | DEFENDANT | | 02/25/2011 | |
| HUNTON & WILLIAMS LLP | ATTORNEY | | 04/11/2011 | |
| THOMAS L. DIFLOURE | ATTORNEY | | 02/25/2011 | |
| CLIVE J. HENDERSON | PLAINTIFF | | 02/25/2011 | |

## Hearings

| Event | Scheduled Date | Start Time | Dept | Judge |
|---|---|---|---|---|
| | No Records Found | | | |

## Register of Actions
Results 1 - 12 of 12

| ROA # | Add to Cart | +/- | Docket Entry | Filing Date | Pages |
|---|---|---|---|---|---|
| 12 | ☐ | | PAYMENT RECEIVED BY FOR 167 - ANSWER OR OTHER 1ST PAPER IN THE AMOUNT OF 395.00, TRANSACTION NUMBER 10876397 AND RECEIPT NUMBER 10700289. | 04/12/2011 | 1 |
| 11 | ☐ | ⊞ | ANSWER TO COMPLAINT FILED BY LOWE'S HIW, INC. ON 04/11/2011 | 04/11/2011 | 7 |
| 10 | | | E-FILING TRANSACTION 11807 RECEIVED ON 04/11/2011 10:14:30 AM. | 04/12/2011 | |
| 9 | ☐ | ⊞ | PROOF OF SERVICE OF 30-DAY SUMMONS & COMPLAINT - PERSONAL FILED BY HENDERSON, CLIVE J. ON 03/15/2011 | 03/15/2011 | 1 |
| 8 | | | E-FILING TRANSACTION 232245 RECEIVED ON 03/14/2011 05:41:49 PM. | 03/15/2011 | |
| 7 | ☐ | ⊞ | SUMMONS ISSUED AND FILED FILED BY HENDERSON, CLIVE J. ON 02/28/2011 | 02/28/2011 | 1 |
| 6 | | | E-FILING TRANSACTION 230120 RECEIVED ON 02/28/2011 12:16:34 PM. | 03/01/2011 | |
| 5 | ☐ | | CASE ASSIGNED TO JUDICIAL OFFICER SCHUMANN, TAM NOMOTO ON 02/24/2011. | 02/24/2011 | 1 |
| 4 | ☐ | | PAYMENT RECEIVED BY FOR 166 - COMPLAINT OR OTHER 1ST PAPER IN THE AMOUNT OF 395.00, TRANSACTION NUMBER 10842938 AND RECEIPT NUMBER 10666830. | 02/25/2011 | 1 |
| 3 | ☐ | ⊞ | CIVIL CASE COVER SHEET FILED BY HENDERSON, CLIVE J. ON 02/24/2011 | 02/24/2011 | 2 |
| 2 | ☐ | ⊞ | COMPLAINT FILED BY HENDERSON, CLIVE J. ON 02/24/2011 | 02/24/2011 | 19 |
| 1 | | | E-FILING TRANSACTION 229794 RECEIVED ON 02/24/2011 02:57:41 PM. | 02/25/2011 | |

EXHIBIT E
PAGE 42

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Josephine Tucker and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

## SACV11- 995 JST (MLGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [X] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>Clive J. Henderson | DEFENDANTS<br>Lowe's HIW, Inc. |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Thomas L. Difloure (SBN 166325)<br>13952 Bora Bora Way, #319<br>Marina Del Rey, CA 90292; (310) 823-8052 | Attorneys (If Known)<br>Emily Burkhardt Vicente (SBN 263990); Christiane A. Roussell (SBN 249847)<br>Susan H. Shin (SBN 260369)<br>Hunton & Williams LLP, 550 S. Hope Street, Suite 2000<br>Los Angeles, CA 90071; (213) 532-2000 |

| II. BASIS OF JURISDICTION (Place an X in one box only.) | III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only<br>(Place an X in one box for plaintiff and one for defendant.) | | | | | |
|---|---|---|---|---|---|---|
| | | PTF | DEF | | PTF | DEF |
| ☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party) | Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| ☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| | Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes   ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☒ No          ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☒ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | North Carolina |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date July 6, 2011

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |